## THE PEOPLE, &c., *Respondents, v.* WILLIAM TRACY, *Appellant.*

DYING DECLARATIONS.—Statements of the deceased respecting the cause of his death, made when he had a dread of approaching dissolution, and at a time when he believed that the hand of death was upon him, are to be considered as dying declarations.

PAROL EVIDENCE OF DYING DECLARATIONS.—When such statements have been reduced to writing, and signed by deceased, parol evidence is not admissable to prove such declarations, unless the loss or absence of the writing is accounted for.

MALICE.—On a trial for murder, the homicide of itself does not imply malice, still the circumstances attending the homicide are to be considered by the jury in ascertaing whether there was malice.

BURDEN OF PROOF—REASONABLE DOUBT.—In no criminal ease is the burden of proof ever shifted from the prosecution to the defense; it rests upon the prosecution throughout the entire trial, and the rule of a reasonable doubt applies in every such case.

CHARACTER OF THE DECEASED.—Where the deceased had threatened the life of the Defendant, evidence of the character of the deceased for violence should be admitted, to show that he was likely to carry out such threats.

APPEAL from the Third District Court.

The facts are stated in the opinion.

*Robertson & McBride,* for Appellant.

The District Court erred in admitting evidence of the dying declarations, because

1st. The declarations were reduced to writing, signed and sworn to, and the writing should be produced. 10 Cal. 32, People *v.* Glenn; 11 Iowa 359; 1 Greenleaf Ev., Sec. 161; 7 Car. & Payne, 230; 1 East P. C. 356; Rex *v.* Trouter.

2nd. The declarations were not made under any sense of immediate dissolution. 3 C. & P., 629, 631; 9 C. & P., 395; 2 Park C. Cases, 325; People *v.* Robinson; 1 Gr. 158 (sec.); 9 C. & P. 418, 420; 24 Cal. 17; People *v.* Sanchez.

3d. The instructions that a killing clearly proved implied malice, and that on that state of facts a reasonable doubt did not apply to the case. See Stoke's Case, 53 New York 178, *et seq.* The language of the instruction in that case and the present are almost identical, and the doctrine laid down the same. It is there overruled. See also Tweedy's Case, 11 Iowa; 10 Mich. 212; 33 Iowa 270; 34 Iowa 131; 1 Gray 61; 5 Nev. 134.

4th. The exclusion of the testimony of threats by deceased against the Defendant, and not communicated to Defendant, was erroneous. See 31 Texas, cited in Cases on Self Defense, 419; 22 Ark., Cases on Self Defense, 574; 16 Ill., Cases on Self Defense, 527; 18 Georgia 194, Cases on Self Defense, 552; 19 Vermont, Cases on Self Defense, 554; 15 B. Monroe, Cases on Self Defense, 569; 37 Cal., Cases on Self Defense, 601.

5th. That the evidence of the character of the deceased as a man of violence, &c., was improperly rejected. See Cases on Self Defense Summarized, 695, 690; Wharton Crim. Law, Sec. 643; Cases on Self Defense, 641.

On the question as to the admissibility of evidence to show the violent character of the deceased, the following Courts have held the proof admissible where the circumstances surrounding the transactions leave the intentions of the Defendant in committing the homicide doubtful, or evenly balanced, or in any manner tends to show provocation on the part of the deceased, or that Defendant acted · under fear of his life instead of malice.   North Carolina—Tuckett's Case, cited in Self Defense, 615; Bafield's Case, cited in Self Defense, 623; Tennessee—Copeland's Case, cited in Self Defense, 59.

In reversing the judgment of the Court below against the Defendant, the Court dwelt strongly on the proof of character and temper of deceased.   Pennsylvania—Robertson's Case, cited in Self Defense, 153; Mississippi—Vol. 31, 504 Cotton's Case, cited in Self Defense, 310; M'Kay's Case, cited in Self Defense, 325; Georgia—5 Georgia 85; Monson's Case, cited in Self Defense, 467; Alabama—47 Ala. 613, cited in Self Defense, 691, (Quesenberry's Case cited and approved); California—41 Cal. 640; Minnesota—4 Minn. Rep., Dunphy's 438; Cited in Self Defense, 684–5; New York—Siebert's Case, cited in Self Defense, 686–7; South Carolina—12 Rich. 430–40; Cited in Self Defense, 690.

In Delaware, the evidence was received in three cases and rejected in one, and he was acquitted, to-wit:   Received in State *v.* Cochlan; State *v.* Elason; State *v.* Thompson & Tilghman; Rejected in State *v.* Thanby; Missouri—27 Mo. 588, Hick's Case; Cited in Cases on Self Defense, 680; 50 Mo. 357, Cases on Self Defense, 681.

*Howard & Carey*, for the People.

No Brief on file.

BOREMAN, J., delivered the Opinion of the Court:

The Defendant was indicted for murder, and convicted of manslaughter.   He appeals to this Court, alleging several errors in the District Court.

Upon the trial the statements of the deceased, made on the evening prior to his death, were allowed to go to the jury as dying declarations, the Defendant objecting to their admission.

The deceased seemed to have a dread of approaching dissolution ; he did not want to talk about death. He declared that " this is the last time I shall ever stand on my feet.". " I got a bad one," meaning the shot. "I'll never get over it." Such language would strongly indicate that he believed and realized that the hand of death was upon him. It was upon him, and he died in a few hours thereafter.

Statements of the deceased respecting the cause of his death, made under such circumstances, were, we think, properly considered as dying declarations.

But such declarations had been reduced to writing and signed by the deceased. The writing was the best evidence of these, and it ought to have been produced or its absence accounted for. Such was not done. The introduction of the verbal evidence, therefore, was error. 1st Greenleaf's Ev. Sec. 161, 12th edition.

The Court instructed the jury that the killing, being clearly proved, the act of killing implies malice, and that in such a case the burden of proof is shifted to the Defendant, who must then show that the act was done in self-defense, and that further in such a case the "rule of a reasonable doubt" does not apply.

The accepted doctrine now is that the homicide of itself does not imply malice. The circumstances attending the homicide are to be considered by the jury in ascertaing whether there was malice. Malice may be inferred from circumstances. Yet it must be proven beyond a reasonable doubt, or else the jury should acquit. In no criminal case is the burden of proof ever shifted from the prosecution to the defense. It rests upon the prosecution throughout the entire trial, and the rule of a reasonable doubt applies in every such case. Malice is part of the offense charged, and the Defendant has the right to have the whole crime charged, proved, and that,

too, beyond a reasonable doubt. Instructions which do not recognize such accepted doctrine and rule, are erroneous and cannot be upheld.

We are inclined to think that the character of the deceased for violence was improperly excluded. The deceased had threatened the life of the Defendant, and he had the right to the testimony as to the deceased's violent character, if for no other reason, to show that the latter was likely to carry out his threats.

The action of the Court below having been erroneous in the respects pointed out, the judgment is reversed and the cause remanded for a new trial, in accordance with the principles herein recognized.

SCHAEFFER, C. J., and EMERSON, J., concurred.